# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-00259 (ECT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Joseph Mathias Greeman, IV, *also known as*, Joseph Matthias Berendt | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery, disclosure and other non-dispositive relief. On November 15, 2022, the Court notified the parties it did not believe an evidentiary hearing was necessary to resolve these motions and indicated that it would do so the papers unless either party filed a letter requesting a hearing by November 17, 2022 (ECF No. 28). That same day, the government filed a letter to the undersigned indicting that the parties "have conferred and agreed a hearing on the pending motions is not necessary." (ECF No. 29.) The Court therefore decides the motions at issue on the papers. Based on the parties' non-dispositive motions, and on the entire file, the Court enters the following Order.

I. **Government's Motion for Discovery (ECF No. [15])**

The Government seeks discovery and disclosure as required by Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b) and 26.2 and Federal Rules of Evidence 702, 703 and 705. The Government's motion is **GRANTED** insofar as Mr. Greeman shall provide discovery to the extent required by the applicable Rules. With respect to expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C), the following deadlines shall apply:

    a. Government's expert disclosures: 28 days prior to trial

      b. Defendant's expert disclosures: 21 days prior to trial

**II.   Defendant's Motion for Pretrial Disclosure of 404 Evidence (ECF No. [18])**

Mr. Greeman's motion for disclosure of evidence the Government may introduce pursuant to Federal Rule of Evidence 404(b) is **GRANTED**. The Government shall provide the notice required by Rule 404(b) at least **two weeks prior to trial.**[1]

**III.   Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. [19])**

Mr. Greeman's motion to compel the Government to disclose evidence favorable to the defendant is **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. These cases impose affirmative and ongoing disclosure obligations on the Government.

**IV.   Defendant's Pretrial Motion for Discovery and Inspection (ECF No. [20])**

Mr. Greeman's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable statutory and constitutional rules.

**V.   Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview (ECF No. [21])**

Mr. Greeman moves for an order requiring the Government to disclose any government informants and to make them available for interview. Mr. Greeman's motion does not indicate that he is aware of any informants the Government used in its investigation (ECF No. 21). The

---

[1] The Government's response states that it will provide notice to Mr. Greeman of its intent to introduce Rule 404(b) evidence "two weeks days before trial[,]" "as stated in the Government's Discovery Letter attached as Exhibit A," and that Mr. Greeman was agreeable to this approach (ECF No. 26). Because it is unclear to the Court whether the government intended to write "two weekdays before trial" or "two weeks before trial", and because the Government failed to attach any exhibit to its response, the Court assumes the parties agreed to earlier rather than later notice.

Government states that it is "not aware of any informants used in the investigation of the defendant[,]" and that "[t]o the extent the defense considers any of the government's witnesses as 'informants,' the government will disclose the identities of these witnesses in keeping with the practice of the trial judge" (ECF No. 26).  Therefore, the motion is **DENIED WITHOUT PREJUDICE**.  However, the Government shall notify opposing counsel if informants are discovered whose disclosure may be necessary.

**VI.    Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. [22])**

Mr. Greeman's Motion for early disclosure of Jencks Act material is **DENIED**. *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984).  The Government has agreed to make early disclosures of Jencks Act Material no later than three business days prior to trial. The Court, however, encourages the Government to provide any Jencks Act material it has not already disclosed at least one week prior to trial, and further encourages the Government to engage in "open-file" discovery, if possible, to ensure that there are no unnecessary delays at trial and the promote the fairness of the proceeding.

**VII.   Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence (ECF No. [23])**

Mr. Greeman's Motion for an order requiring the Government's investigators to retain and preserve their rough notes is **GRANTED**.  Disclosure of rough notes is not required at this time.

Dated: November 17, 2022              *s/ Dulce J. Foster*
                                                              Dulce J. Foster
                                                              United States Magistrate Judge